RAILROAD v. BIGBEE

AND

RAILROAD v. BRYAN.

(*Nashville.* December 18, 1897.)

1. RAILROADS. *Duty to maintain pits and cattle guards.*

A railroad company is not relieved of its statutory duty to provide pits and cattle guards when its track passes through inclosed lands or fields, by reason of the fact that the inclosed premises on one side of the track are unfit for agricultural or other use. (*Post, pp. 205, 206.*)

2. SAME. *Duty as to wing fences.*

The duty of a railroad company to provide wing fences or other device in connection with pits and cattle guards, to protect inclosed lands or fields through which its track runs, is satisfied by the erection of wing fences covering that part of its right of way which is actually occupied and used by the company. The landowner must maintain fences upon that part of the right of way which has not been appropriated by the company and remains in his possession. (*Post, pp. 206–208.*)

Cases cited and distinguished: 31 Kansas, 337.

FROM MONTGOMERY.

Appeal in error from Circuit Court of Montgomery County. A. H. MUNFORD, J.

BURNEY & BAILEY for Railroad.

G. L. PITT for Bigbee and Bryan.

WILKES, J.   These two separate cases involve the duties of a railroad company to erect and maintain stock gaps and wing fences where the road passes through or by the inclosed lands and fields of another.   Bigbee owns a parcel of land lying on both sides of the railroad.   On the east side he and the railroad company have erected a fence parallel with the road, and about thirty feet from it, and the space between his fence and the railroad track on this side is a deep ditch or gully, so that it is unfit for cultivation or any other ordinary use.

Bryan owns a parcel lying between Bigbee's two tracts, coming up to the railroad on the west side, but not crossing it.   Where the road enters and leaves Bigbee's land a stock gap and wing fences are erected, and as to these there is no controversy. There is also a stock gap and wing fence between Bigbee and Bryan on their north partition line on the west side of the road, but the wing fence is defective.   There was also a stock gap and wing fence on their south partition line, on the west side of the road, but that fence, having been taken down for the purpose of replacing it with a new one, the road filled up its stock pit and declines to erect or maintain it or wing fences at that point.   Hogs and cattle have passed through the wing fences between Bryan and Bigbee, and caused damage to each.

We are of opinion that it is the duty of the railroad company to maintain pits and cattle guards where it enters the premises of Bigbee and where

it leaves them, either at his outside line or at the partition lines between him and Bryan, and the fact that there is a strip lying on one side of the road not fit to be used for agricultural or other purposes makes no difference. It is, nevertheless, a field or inclosure, in the sense of the statute. The duty to erect and maintain wing fences is not so clear. We are cited to the case of *Missouri Pacific Railway Co.* v. *Manson*, 31 Kan., 337, as holding that whether a railroad company owns its right of way in fee simple, or merely has an easement in it, it is its duty to erect and maintain not only stock pits in its track, but cattle guards on its roadway connecting with the pit, and, in addition, wing fences extending from the cattle guards, over its entire right of way, to a connection with the landowner's fence on his own land; in other words, to cover all its right of way with proper wing fences. The Court held that the road must put in these stock pits, cattle guards, and wing fences at the nearest point where it would not interfere with the use of their right of way for depot and track purposes.

We are not satisfied with the reasoning or authority of this case as applied to the case now being considered. In this case, the railroad has an easement for right of way over one hundred feet on each side of the center line of its track. But it can occupy only so much of this as is necessary for its purposes, which are ordinarily for its track, roadway, cuts, and embankments. Up to this line, the

adjacent landowner may, and in this case does, use and occupy, on the west side, the land for agricultural or other purposes, and has the right to do so, until more of the right of way is needed and taken for the purposes of the railroad. We can see no ground for requiring the railroad company to extend wing fences over this right of way to its limit, while the land, over which it is thus extended, is being used and enjoyed by the landowner. We are of opinion that it is necessary that the road construct its pits or other devices across its track and upon its roadway, cuts, and embankments until it reaches the line where the land is being used and occupied by the landowner, and it is the duty of the landowner to construct the wing fences over that part of the right of way occupied and used by him, with proper wings connecting with the cattle guards of the railroad company at its line of roadway. The statute does not, in terms, require the railroad company to construct any wings, but only good and sufficient cattle guards or stops at the line of such field or inclosure.

The Bigbee case was tried by the Court without a jury, and the Bryan case with a jury. The judgment in favor of the plaintiffs for damages must, in each case, be reversed. In the Bigbee case, the proof showing that the stock which caused the damage passed through the wing fences, and not over the track and cattle guard, and, there being no obligation on the road to maintain the wing fences, this

case must be dismissed. The Bryan case, having been tried by a jury, must be remanded for a new trial. Whether this plaintiff has any right of action, admits of much doubt, as his land only runs up to the railroad on the west side, and does not cross it, so that the railroad does not enter his inclosure. But the other being a fatal error, we do not pass on this question. The appellees will pay the costs in each case.